UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| SANDRA L. STARR<br>        LA. DOC #361498<br>VS. | CIVIL ACTION NO. 3:14-cv-2230<br><br>SECTION P<br><br>JUDGE ROBERT G. JAMES |
| WARDEN JAMES ROGERS | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

*Pro se* petitioner Sandra L. Starr is an inmate in the custody of Louisiana's Department of Corrections. She filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on July 2, 2014. Petitioner attacks her 1995 second degree murder conviction and the life sentence imposed by the Fourth Judicial District Court, Ouachita Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d)(1).

*Background*

On April 21, 1994, the Ouachita Parish Grand Jury returned an indictment charging petitioner with second degree murder. [Doc. 1-2, Exhibit A, p. 42; 72] On November 30, 1995, she was found guilty as charged following trial by jury. [Doc. 1-2, Exhibit A, p. 21] On January 18, 1996, she was sentenced to serve life without benefit of parole. [Doc. 1-2, Exhibit A, p. 22] She appealed to the Second Circuit Court of Appeal raising a single assignment of error, insufficiency of the evidence. [Doc. 1-4, Exhibit N, pp. 81-104] Her conviction and sentence were affirmed by the Second Circuit Court of Appeal on December 11, 1996. *State of Louisiana v. Sandra Lacrese Starr*, 28934-KA (La. App. 2 Cir. 12/11/1996), 685 So.2d 424. [Doc. 1-4,

Exhibit P, pp. 116-125] On some unspecified date she applied for writs in the Louisiana Supreme Court. On September 17, 1999, the Supreme Court denied writs without comment. *State of Louisiana v. Sandra Lacrese Starr*, 1999-0833 (La. 9/17/1999), 747 So.2d 1094. She did not seek further direct review in the United States Supreme Court. [Doc. 1, ¶9(h)]

On November 15, 1999, she filed a *pro se* application for post-conviction relief in the Fourth Judicial District Court raising claims of (1) ineffective assistance of trial and appellate counsel and (2) various instances establishing abuse of discretion by the District Court. [Doc. 1-4, Exhibit R, pp. 137-146] On November 24, 1999 the District Court denied relief. [Doc. 1-4, Exhibit J, pp. 50-53][1] On January 10, 2000, petitioner filed a *pro se* application for writs in the Second Circuit Court of Appeals. This writ application was assigned Docket Number 33677-KH. [Doc. 1-4, Exhibit K, pp. 54-76] On some unspecified date writs were apparently denied and thereafter petitioner applied for writs in the Louisiana Supreme Court. On January 5, 2001, the Supreme Court denied writs without comment. *State of Louisiana ex rel. Sandra Lacrease Starr v. State of Louisiana*, 2000-1124 (La. 1/5/2001), 778 So.2d 591. [See also Doc. 1-4, Exhibit M, pp. 79-80]

Petitioner apparently filed a second application for writs in the Second Circuit on January 31, 2001. This writ application was assigned Docket Number 34955-KH. On March 1, 2001, the

---

[1] Petitioner did not provide a complete copy of her first application for post-conviction relief. However, the trial court's Reasons for Judgment denying the application articulated the claims as follows: (1) ineffective assistance of counsel based on counsel's failure to move for a post verdict judgment of acquittal based on insufficiency of the evidence; (2) ineffective assistance of counsel based on counsel's failure to challenge the exclusion of African-Americans as grand-jury fore-persons; (3) ineffective assistance of appellate counsel based upon counsel's failure to raise claims 1 and 2 on appeal; (4) petitioner's statements to the arresting officer were involuntary and based upon the failure of the police to give *Miranda* warnings; and, (5) improper exclusion of evidence of prior crimes or acts of the victim. [Doc. 1-4, Exhibit J, pp. 50-53]

Second Circuit denied writs with regard to claims of (1) ineffective assistance of counsel; (2) grand jury selection process; (3) *Miranda* warnings; and (4) prior crimes evidence. *State of Louisiana v. Sandra Lacrease Starr*, No. 34955-KH. [Doc. 1-4, Exhibit L, pp. 77-78] On January 25, 2002, petitioner's writ applications seeking review of the Second Circuit's rulings under Docket Nos. 34955-KH and 34114-KH were denied as repetitive by the Louisiana Supreme Court. *State of Louisiana ex rel. Sandra Starr v. State of Louisiana*, 2001-1045 (La. 1/25/2002), 806 So.2d 670.

On March 15, 2007, petitioner filed another *pro se* application for post-conviction relief in the Fourth Judicial District Court raising unspecified claims[2] for relief. [Doc 1-4, Exhibit Q, pp. 126-136] On some unspecified date petitioner filed yet another application for post-conviction relief in the Fourth Judicial District Court; petitioner apparently conceded that the application was untimely under La. C.Cr.P. art. 930.8(A); however, she claimed the benefit of subsection (A)(2) relying on "... a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of said ruling." In so doing, petitioner relied upon *Florida v. Powell*, 559 U.S. 50, 130 S.Ct. 1195 (2010). The District Court found *Powell* inapplicable[3] and denied the application as time-barred on March 24, 2010. [Doc. 1-4, Exhibit G, pp. 43-45] On May 6, 2010, petitioner filed an application for writs in the Second Circuit Court of Appeals. On June 3, 2010, the Second

---

[2] The petition provided as an exhibit does not specify claims for relief and refers to a memorandum in support which petitioner did not provide to this Court.

[3] Powell, in essence, held, that a police officer's advice that a suspect has "the right to talk to a lawyer before answering any of [the law enforcement officers'] questions," and that he can invoke this right "at any time ... during th[e] interview," satisfies *Miranda*.

Circuit, noting that the application was not filed in the District Court until 2010, found the application time-barred by the provisions of art. 930.8. *State of Louisiana v. Sandra Starr*, No. 45,695-KH. [Doc. 1-4, Exhibit H, pp. 46-47] Thereafter on September 16, 2011, the Louisiana Supreme Court likewise denied writs finding the application time-barred and citing art. 930.8. *State of Louisiana ex rel. Sandra Starr v. State of Louisiana*, 2010-1525 (La. 9/16/2011), 69 So.3d 1135. [Doc. 1-4, Exhibit I, pp. 48-49]

On March 18, 2013, petitioner filed yet another application for post-conviction relief in the Fourth Judicial District Court. [Doc. 1-4, p. 16] She apparently conceded that the application was untimely under art. 930.8(A) but once again, this time citing *Martinez v. Ryan*, — U.S. —, 132 S.Ct. 1309 (3/20/2012), she argued that she was entitled to the benefits of art. 930.8(A)(2). On May 7, 2013, the District Court rejected her reliance on *Martinez* to extend the limitations period and denied the application as untimely. [Doc. 1-4, Exhibit B, pp. 1-3] On June 7, 2013 she filed a writ application in the Second Circuit Court of Appeals. [Doc. 1-4, Exhibit D, pp. 8-37] On August 2, 2013, the Second Circuit denied writs finding that petitioner failed to establish that she was entitled to relief. *State of Louisiana v. Sandra Lacrease Starr*, No. 48,631-KH. [Doc. 1-4, Exhibit E, pp. 38-40] Her subsequent writ application to the Louisiana Supreme Court was denied on April 17, 2014; again, the Supreme Court, citing art. 930.8 determined that the application for post-conviction relief was untimely. *State of Louisiana ex rel. Sandra Lacrease Starr v. State of Louisiana*, 2013-2150 (La. 4/17/2014), 138 So.3d 620. [Doc. 1-4, Exhibit F, pp. 41-42]

She signed her petition for *habeas corpus* on June 23, 2014 [Doc. 1, p. 14]; it was mailed on June 30, 2014 [Doc. 1-5] and received and filed on July 2, 2014. She argues that her petition is timely filed within one year of the *Martinez, supra* decision and she raises the following claims

4

for relief: (1) ineffective assistance of trial and appellate counsel; (2) petitioner should have entered a not guilty by reason of insanity plea; (3) counsel failed to advise petitioner of plea offer of 30 years; (4) improper grand jury selection process; and, (5) ineffective assistance of counsel on collateral review.

*Law and Analysis*

*1. Limitations – Section 2244(d)(1)(A)*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[4]

However, the statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999);

---

[4] Petitioner has not alleged, nor do the exhibits suggest, the existence of any State created impediments to filing. Further, the pleadings and exhibits do not suggest the existence of newly discovered facts. In other words, it does not appear that petitioner may rely upon reckoning the limitations period as provided in Section 2244(d)(1)(B) or (D).

Petitioner does however argue that limitations should be reckoned as provided in Section 2244(d)(1)(C); that claim is examined more fully in Part 2, below.

*Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period, as is the time between the termination of post-conviction proceedings and the filing of the federal petition. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

As noted above, petitioner appealed to the Second Circuit Court of Appeals and her conviction was affirmed by that Court on December 11, 1996. *State of Louisiana v. Sandra Lacrese Starr,* 28934-KA (La. App. 2 Cir. 12/11/1996), 685 So.2d 424. Her application for writs was denied by the Louisiana Supreme Court on September 17, 1999. *State of Louisiana v. Sandra Lacrese Starr*, 1999-0833 (La. 9/17/1999), 747 So.2d 1094. She did not seek further direct review in the United States Supreme Court. [Doc. 1, ¶9(h)] For AEDPA purposes, her judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], ninety days later, or, on or about December 17, 1999. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.1999) (the 90 day period for filing an application for *certiorari* with the United States Supreme Court pursuant to Supreme Court Rule 13 is considered in determining finality under 28 U.S.C. § 2244(d)(1)(A)), *cert. denied*, 529 U.S. 1099 (2000); U.S. Sup.Ct. Rule 13(1).

Petitioner was able to toll limitations during the pendency of her first application for post-conviction relief, November 15, 1999 – January 25, 2002. However, thereafter, a period well in excess of one year elapsed untolled before she filed the instant petition on June 23, 2014.[5] In

---

[5] A period of 5 years elapsed untolled between January 25, 2002 (the date the Louisiana Supreme Court denied writs in the matter entitled *State of Louisiana ex rel. Sandra Starr v. State*

other words, if limitations is reckoned as provided by 28 U.S.C. §2244(d)(1)(A), petitioner's habeas petition is clearly time-barred.

### 2. Limitations – Section 2244(d)(1)(C)

Petitioner argues that limitations should be reckoned as provided in Section 2244(d)(1)(C), the date upon which a Constitutional right has been recognized by the Supreme Court and made retroactive to cases on collateral review. In support of this claim she cites *Martinez v. Arizona*, — U.S. —, 132 S.Ct. 1309, 182 L.Ed.2d 272 (March 20, 2012). See Doc. 1, ¶4. *Martinez, supra* and its progeny (see for example, *Trevino v. Thaler*, — U.S. —, 133 S.Ct. 1911 (2013)) recognized that ineffective assistance of counsel at the initial-review collateral attack stage may constitute "cause" to excuse a *habeas* petitioner's procedural default; however, it is clear that this line of cases does not apply to the AEDPA's statute of limitations and cannot be invoked to establish eligibility for equitable tolling. *Compare Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period.").

---

*of Louisiana*, 2001-1045 (La. 1/25/2002)) and March 15, 2007 (the date petitioner filed another application for post-conviction relief in the District Court, see Doc. 1-4, Exhibit Q, pp. 126-136). Thereafter, petitioner filed two subsequent applications for post-conviction relief, however, both were ultimately dismissed as having been filed beyond the period of limitations established by La. C.Cr.P. art. 930.8. *See State of Louisiana ex rel. Sandra Starr v. State of Louisiana*, 2010-1525 (La. 9/16/2011), 69 So.3d 1135 and *State of Louisiana ex rel. Sandra Starr v. State of Louisiana*, 2013-2150 (La. 4/17/2014), 138 So.3d 620. Federal *habeas corpus* petitioners cannot rely upon the statutory tolling provisions of §2244(d)(2) if by the time she filed the application, it was time-barred under State law. This is so because an untimely application for post-conviction relief cannot be considered "properly filed" so as to toll the running of the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (A petitioner's state post-conviction petition, which was rejected by the state court as untimely under state statute of limitations, was not "properly filed," within the meaning of the statutory tolling provision of the AEDPA and thus could not toll the limitations period.)

Further, even if petitioner would be entitled to rely upon *Martinez* to establish a later date for reckoning limitations under the AEDPA, her petition would still be untimely. *Martinez* was decided on March 20, 2012; thus a timely petition would have to have been filed within 1 year or on or before March 20, 2013. Petitioner's round of post-conviction relief invoking *Martinez* was not filed until March 18, 2013 [Doc. 1-4, p. 16], and by that time 363 days of the 365 day period of limitations had elapsed. Even if petitioner were provided the benefits of tolling pursuant to §2244(d)(2), such tolling ceased at the latest on April 17, 2014 when the Louisiana Supreme Court denied writs. *State of Louisiana ex rel. Sandra Starr v. State of Louisiana*, 2013-2150 (La. 4/17/2014), 138 So.3d 620. Thereafter, a period in excess of 2 months elapsed before petitioner filed her federal *habeas* petition on June 23, 2014.

### 3. Equitable Tolling

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable

filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

The circumstances presented herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that she was prevented in any way from asserting his rights. Finally, petitioner cannot claim diligence given the facts noted above.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

9

**proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, August 27, 2014.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**